UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID J., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C22-1828-SKV <br><br> ORDER AFFIRMING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1959, has a high school diploma, and has worked as a dishwasher, temporary laborer, warehouse worker, greeter, lumber handler, construction worker and sander. AR 40-51, 291. At the time of the administrative hearing, Plaintiff was employed part-time at Amazon. AR 40-51.

In March 2020, Plaintiff applied for benefits, alleging disability as of February 1, 2019. AR 224-37. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

requested a hearing.  AR 142-51, 153-62.  After the ALJ conducted a hearing in September 2021 (AR 33-75), the ALJ issued a decision finding Plaintiff not disabled.  AR 15-28.

**THE ALJ'S DECISION**

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has worked since the alleged onset date, but the work did not rise to the level of substantial gainful activity.

**Step two**:  Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine with multilevel disc bulges and protrusions, schizoaffective disorder, major depressive disorder, and generalized anxiety disorder.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**:  Plaintiff can perform light work with additional limitations: he can understand, remember, and carry out simple 1-2-step instructions required of unskilled work.  He can make judgments on simple work-related decisions.  He cannot perform tandem tasks.  He can perform unskilled work, which can be learned in 30 days or less.  He can have no more than occasional interaction with co-workers and supervisors.  He can occasionally stoop, crouch, kneel, and climb ramps/stairs.  He cannot be exposed to hazardous machinery or unprotected heights.  He must alternate sitting and standing every 10 minutes.

**Step four**:  Plaintiff can perform his past relevant work as a greeter, as actually performed, and he is therefore not disabled.

**Step five**:  In the alternative, there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, and he is therefore not disabled.

AR 15-28.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-6.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 5.

//

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

**LEGAL STANDARDS**

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

**DISCUSSION**

Plaintiff argues the ALJ erred in finding that he could perform his past work as a greeter as actually performed. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 3

1    At step four, the ALJ must define a claimant's RFC and determine whether the claimant's past relevant work is compatible with that RFC. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f). The claimant bears the burden at step four of demonstrating that he or she can no longer perform any past relevant work. 20 C.F.R. §§ 404.1512(a), 404.1520(f). A claimant may be found not disabled at step four based on a determination that he or she can perform past relevant work as it was actually performed or as it is generally performed in the national economy. *See* Social Security Ruling (SSR) 82-61, 1982 WL 31387 (Jan. 1, 1982).

In this case, the ALJ found at step four that Plaintiff could perform his past work as a greeter as actually performed, not as generally performed. AR 26-27. Plaintiff did not list the greeter job in his agency paperwork asking for his past jobs (AR 280-88, 291, 312-19), but the ALJ consulted Plaintiff's earnings record during the administrative hearing to obtain testimony about the extent of his past work during the relevant time period. *See* AR 40-51. Plaintiff testified that the greeter job involved greeting people at the Goodwill, that he performed this job alternating between sitting and standing, and that he was fired from this job for not showing up. AR 49-51. The ALJ asked the vocational expert (VE) to classify this job using the Dictionary of Occupational Titles (DOT), and she testified that Plaintiff could not perform this job as defined in the DOT. AR 62-63.

Plaintiff argues that the ALJ erred in relying on VE testimony to find that he could perform the greeter job as actually performed because the job as defined in the DOT requires reasoning abilities that exceed the ALJ's RFC, and the ALJ did not resolve that conflict. Dkt. 10 at 5. But the requirements of the job as defined in the DOT are relevant to determining how the

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

job is generally performed, not actually performed.[3] *See Pinto v. Massanari*, 249 F.3d 840, 845-46 (9th Cir. 2001). The *claimant*, either via written report or hearing testimony, is "typically the primary source for determining how a job was actually performed." *Celia A.R. v. Saul*, 2020 WL 6871000, at *3 (C.D. Cal. Nov. 23, 2020); *Pinto*, 249 F.3d at 845. Whether Plaintiff could perform the job as defined in the DOT is not in dispute: the ALJ found only that Plaintiff could perform the job as actually, not generally, performed. *See* AR 27. Although Plaintiff contends (Dkt. 13 at 1) that the ALJ relied on VE testimony to find that he could perform the greeter job as actually performed, and that this reliance implicates the conflict between the testimony and the DOT, this is not evident from the decision. The ALJ referenced the VE's testimony as establishing the DOT definition of the greeter job, but did not cite VE testimony as support for the finding that Plaintiff could perform his past work as a greeter as actually performed. *See* AR 27. This approach is consistent with the Commissioner's regulations and policy rulings, which indicate that VE testimony *may* be considered at step four. *See, e.g.*, 20 C.F.R. § 404.1560(b)(2); SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000).

      Plaintiff's claim of harmful legal error at step four fails because he did not provide any evidence indicating that the greeter job *as actually performed* required reasoning abilities in excess of those found by the ALJ. Plaintiff has thus failed to meet his burden to show that he

---

[3] The VE testified that Plaintiff's greeter job could be classified under (definition of "doorkeeper"), and the introductory description of this job appears to be readily distinguishable from the type of work that Plaintiff described at the hearing:

> Serves residents, guests, or patrons of hotel, store, apartment building, hospital, or similar establishment by opening doors, hailing taxicabs, answering inquiries, assisting elderly or infirm persons into automobiles, and performing related services. Prevents entrance of unauthorized or undesirable persons. May forcibly eject inebriated or rowdy persons from premises. May notify guests by telephone of delivery of automobiles, packages, or arrival of visitors. May carry baggage.

DOT 324.677-014, *available at* 1991 WL 672791 (Jan. 1, 2016).

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

1 | could not perform this job, and also failed to identify a conflict between the ALJ's step-four
2 | finding and the VE testimony that the ALJ was required to resolve.  To the extent Plaintiff
3 | suggests that the ALJ erred in failing to explain the evidentiary basis for the step-four finding
4 | (Dkt. 13 at 2), Plaintiff fails to squarely acknowledge the full extent of his burden at step four: it
5 | is Plaintiff, not the ALJ or the VE, who bears the burden of showing that he can no longer
6 | perform the work he was able to perform in the past.  *See, e.g.*, *Chapman v. Comm'r of Soc. Sec.*
7 | *Admin.*, 2021 WL 5085137, at *9 (D. Nev. Nov. 2, 2021) (holding that a claimant's step-four
8 | burden "is not to establish that the ALJ lacked evidence to conclude Plaintiff's actual work
9 | deviated from the job as customarily performed, but rather to establish that her limitations as
10 | articulated in the RFC prevented her from performing receptionist work as she has actually
11 | performed in the past" (citing *Stacy v. Colvin*, 825 F.3d 563, 569 (9th Cir. 2016))).
12 |       Plaintiff's description of this past job at the hearing does not suggest that it required
13 | mental demands in excess of his RFC assessment, and Plaintiff failed to provide any written
14 | description of this job in his agency paperwork, although he was provided the opportunity to do
15 | so.  *See* AR 280-95, 312-19.  Because Plaintiff has failed to identify any evidence that he cannot
16 | perform his past work as a greeter as actually performed, Plaintiff has failed to meet his burden
17 | to show that the ALJ erred in finding that he could perform that past work as actually performed.
18 | Accordingly, the Court affirms the ALJ's step-four finding, which renders the alternative step-
19 | five findings superfluous and any errors therein harmless.
20 | //
21 | //
22 | //
23 | //

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 15th day of May, 2023.

                                                   S. KATE VAUGHAN
                                                   United States Magistrate Judge